IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 6 – 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01637-OES

FRANKLIN DAVID WOOD, JR.,

    Plaintiff,

v.

TROOPER DOUGLAS BREMER,
ARKANSAS VALLEY REGIONAL MED. CENTER, and
DR. BERG, M.D.,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff Franklin David Wood, Jr., currently is incarcerated at the Prowers County Jail in Lamar, Colorado. He has filed *pro se* an amended civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 (2003) and 28 U.S.C. § 1343(a)(3) (1993). The Court must construe the amended complaint liberally because Mr. Wood is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Wood will be ordered to file a second amended complaint.

The Court has reviewed Mr. Wood's amended complaint and has determined that Mr. Wood is suing an improper party. Mr. Wood may not sue the Arkansas Valley Regional Medical Center for money damages. The State of Colorado and its entities are protected by Eleventh Amendment immunity. See *Will v. Michigan Dep't of State*

*Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C.
§ 1983 did not abrogate Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Therefore, the Arkansas Valley Regional Medical Center is an improper party to this action.

The amended complaint also violates the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing

that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Wood's amended complaint is vague. It does not include a short and plain statement of his claims showing that he is entitled to relief in this action. He merely asserts that on July 4, 2005, he was arrested by a Colorado state patrol officer, Trooper Douglas Bremer, who allegedly violated his rights by including confidential medical information in the Colorado state patrol report. Mr. Wood further asserts that Dr. Berg of the Arkansas Valley Regional Medical Center allegedly violated his rights by releasing the confidential medical information to Trooper Bremer.

The amended complaint lacks the specific information necessary to give the defendants adequate notice of the claims being asserted against them. The amended complaint fails to identify what, if any, constitutional rights have been violated. The amended complaint is not specific as to each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City*

*of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Wood will be directed to file a second amended complaint that complies with the pleading requirements of Rule 8. Mr. Wood must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated, and the specific acts of each defendant that allegedly violated his rights. Finally, Mr. Wood is advised that he must provide sufficient copies of the second amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Wood should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Wood file **within thirty (30) days from the date of this order** a second amended complaint that complies with the pleading requirements of Rule 8. It is

FURTHER ORDERED that the second amended complaint shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Wood, together with a copy of this order, two copies of the following form for use in submitting the second

amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Wood submit sufficient copies of the second amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Wood fails to file an original and sufficient copies of a second amended complaint that comply with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED at Denver, Colorado, this 6 day of December, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01637-OES

Franklin David Wood, Jr.
A-Pod - A-6
103 E. Oak St.
Lamar, CO 81052

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on __12-6-05__

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk